## WYETH LABORATORIES, A DIVISION OF AMERICAN HOME PRODUCTS CORPORATION, Petitioner,

v.

## UNITED STATES DISTRICT COURT FOR the DISTRICT OF KANSAS, Respondent.

No. 88–1148.

United States Court of Appeals, Tenth Circuit.

July 6, 1988.

---

Fred M. Winner and James Clark of Baker & Hostetler, Denver, Colo., Albert J. Knopp, Mary M. Bittence, and J. Jeffrey Zimmerman of Baker & Hostetler, Cleveland, Ohio, and Hedy M. Powell, Philadelphia, Pa., on the briefs, for petitioner.

Andrew W. Hutton and Marlys A. Marshall of Michaud & Hutton, Wichita, Kan., on the brief, for respondent.

Before LOGAN, BARRETT, and MOORE, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

This case is before the court on a petition for a writ of mandamus filed by defendant Wyeth Laboratories, a division of American Home Products Corporation.[1] The petitioner requests that we vacate or prohibit enforcement of an order of the respondent district court setting aside a protective order and establishing a library for the collection of material including items previously covered by the protective order. We conclude that the vacation of the protective order was accomplished in a manner consonant with proper discretion; therefore, we deny relief on that ground. We further conclude, however, the order creating the library was beyond the jurisdiction of the court. We mandate vacation of that order.

The genesis of this case was litigation over DTP (diphtheria, tetanus, and pertussis) vaccine manufactured by Wyeth. Following a $15 million verdict in her favor, the plaintiff moved to vacate a pretrial order issued to prevent any material or information produced through discovery from being used outside the confines of the litigation. The protective order had been entered without contest and solely upon Wyeth's assertions of confidentiality and commercial sensitivity. The motion to vacate was predicated upon plaintiff's contention that further protection of Wyeth was unnecessary after the disclosures made at trial. Agreeing with that contention, the respondent court vacated the protective order, stating:

At the outset, I will note that the record of this case reveals no trade secrets of Wyeth; moreover, this company no longer produces the DTP vaccine. It follows that it is in no jeopardy insofar as competitors are concerned. I note as well that the record does contain much, even within Wyeth's own files, which is adverse to its position here, and its desire to hold this evidence forever secret is understandable. This, however, is not a good reason to retain and preserve the evidence now brought forward in open court. For all purposes, there are no secrets. There is ... some privileged material which can be identified and returned to Wyeth.

Next, and because counsel for both litigants are under way elsewhere with a host of similar claims, I will relieve trial counsel for both sides of the admonitions contained therein, and both sides are henceforth at liberty to rely upon any information now available to them and which was as a result of the trial of this case. Simply said, they may use it for any professional purpose they deem necessary.

The apparent breadth of this order notwithstanding, the court did not make a final determination of the rights or obligations of a party to the disclosure of any particular discovery material. Indeed, as we read the court's order, it is evident that only the prior preemptive protective order has been vacated, and the court has simply reopened

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument.

the entire matter of disclosure to informed and particularized consideration. Wyeth retains the right to challenge the disclosure of any material on an individual basis and upon a particularized showing.[2] With this analysis of the challenged order, we conclude the district court has not denied conclusively protection to, or ordered public disclosure of, any confidential or privileged information. We hold, therefore, Wyeth has failed to demonstrate the trial court abused its discretion, and we deny relief from this part of the district court's order.

The remainder of the order presents a different matter, however. After reciting the importance of discovery in general as a path in the "quest for truth," and reviewing the scope and magnitude of the case and its relation to the pendency of other similar litigation, the district court took upon itself to establish the "Wyeth Laboratory DTP Vaccine Litigation Discovery Library." The content of this library is to include pleadings, discovery material, rulings of the court, briefs, requested instructions, the entire transcript, and all exhibits (excluding privileged material), from the trial of the case. In addition, the court provided:

> It is my intention that this facility will be extended by way of additional material supplied from time to time by other litigants, lawyers, judges, or associations following the trial of successive cases, and such additions will be welcome. If space constraints become a problem here, this facility can and will be moved to a more convenient place such as the Wichita Bar Association Law Library, The Wichita State University, or Washburn or Kansas University Schools of Law, or elsewhere.

> It is intended that the contents of this library will be available for study, research, copying and/or inspection by those admitted, and facilities for this purpose, as well as reasonable rules regarding administration of the same, will be put in place in due course.

Believing that the contents of this library would be of interest to "researchers, academics, institutions, consumer groups, members of the medical profession or associations, private or governmental, legal associations ... and even law students, all in the interest of stimulating scientific and/or public discourse," the court provided persons within these groups could apply for admission to the library. In addition, the court stated:

> [A]s pertains to similar litigation filed here or elsewhere, on application by any attorney engaged and with the authorization of any trial judge—federal or state —wherein a similar case is filed or under way, the attorney's admission to the library is welcomed here.

The provisions for operating this library and indeed its very location were not specifically addressed by the court other than to provide: "All of these documents will be retained and stored here in some convenient place, monitored by the Clerk of the Court, and probably through my courtroom deputy."

As we perceive the intent of the district court, a library of potentially voluminous contents is to be established in the environs of the United States District Court for the District of Kansas under the care and supervision of its employees, for the use and benefit of anyone with any interest in the subject of litigation involving Wyeth's DTP vaccine. In its order the court did not undertake consideration of whether establishment of this library is within the court's authority or whether public funds can be expended for this purpose in the absence of an appropriation by Congress. Thus, we are faced with a novel problem.

We appreciate the purpose the district court wants to achieve by its order. The time and effort spent in future litigation could be reduced by eliminating the need for others to conduct discovery to obtain material that has already been disclosed. The time needed to prepare for future tri-

---

2. On at least three occasions, the court qualified its order by excepting from disclosure "some privileged material," or "those found to be privileged." This is a clear implication of the limited scope of the court's order and its intent to reserve for future consideration questions relating to particular material.

als would be greatly reduced by the availability of the material the court would include in the library. The time saved by lawyers would naturally translate into cost savings for clients. The court's effort is laudable and just. Yet, before justice can be done, a court must be certain it has the power to utilize the means employed to achieve a just end.

The genesis of our analysis is the concept that federal courts are tribunals of limited jurisdiction with only those powers conferred by Congress. 32A Am.Jur.2d *Federal Practice and Procedure* § 1228 (1982). Thus, while the heart of judicial authority is article III of the Constitution, the lifeblood of the district court is the contents of the Judicial Code. *See id.* If an act can be performed by a district court, it is because it was permitted and not because it was not prohibited by Congress. Federal courts operate only in the presence rather than the absence of statutory authority.

With these broad concepts in mind, we have attempted to determine whether the district court has the authority to create a facility for dissemination of information to private parties through the use of public facilities, public employees, and public funds. We could find no such jurisdiction, and neither the respondent nor the interested parties have supplied us with any. We are thus constrained to hold in establishing the DTP Library, the district court acted without authority.[3] We therefore order the district court to vacate that part of its memorandum and order in case No. 85–1481–K which creates the "Wyeth Laboratory DTP Discovery Library."

---

**3.** Of course, to the extent that papers are on file in the unsealed or unprotected records of the court, they are open to the public. Our holding does not affect these documents. We simply take the position that the district court is without authority to add to these files.