## In re Adrienne S. WOLF and Gertrude R. Shenk, Petitioners.

### No. 88-7045.

United States Court of Appeals, District of Columbia Circuit.

March 22, 1988.

John William Mannix, Washington, D.C., was on the petition for writ of mandamus.

Before ROBINSON, SILBERMAN and WILLIAMS, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Petitioners, Adrienne Wolf and Gertrude Shenk, filed a complaint in the Superior Court for the District of Columbia against four defendants [1] including the Washington Metropolitan Area Transit Authority ("WMATA"). WMATA immediately removed the action to the United States District Court for the District of Columbia and then answered the complaint. No parties other than petitioners and WMATA entered an appearance in the action.

On January 21, 1988, petitioners and WMATA filed a praecipe stipulating to a voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii).[2] The district court then entered

an order on January 29, directing that the action be dismissed with prejudice if neither party moved to reopen the case within thirty days. Prior to the expiration of the thirty-day period, plaintiffs petitioned this court for a writ of mandamus directing the district court to vacate its order of January 29. We granted the petition [3] and now state our reasons.

An extraordinary writ such as a writ of prohibition or writ of mandamus is only appropriate "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Association*, 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185 (1943). Thus, "it is clear that only exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy." *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967). The burden is on the petitioners to prove that their right to the writ is "clear and indisputable." *Will v. Calvert Fire Insurance Co.*, 437 U.S. 655, 662, 98 S.Ct. 2552, 2557, 57 L.Ed.2d 504 (1978). We find that petitioners have met their burden.

In *Gardiner v. A.H. Robins Co., Inc.*, 747 F.2d 1180 (8th Cir.1984), the parties entered into a settlement agreement and filed a stipulation of dismissals. The district court judge entered "So Ordered" on the settlement agreement and then entered orders of dismissal confirming the stipulated dismissals. The Eighth Circuit held that by attaching material conditions to its approval of a parties' settlement and the entry of judgments of dismissal, the district court created sufficient legal prejudice to allow review. *Id.* at 1186–87. The court also held in the alternative that mandamus is appropriate in circumstances "in which

---

1. Petitioners state that only WMATA was properly served with the complaint. *See* Petitioners' Emergency Petition for Writ of Mandamus at 2.

2. Rule 41 provides in relevant part:
   (a) Voluntary Dismissal: Effect Thereof.
   (1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action

may be dismissed by the plaintiff without order of court ... (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

3. *In Re: Wolf and Shenk*, No. 88–7045 (D.C.Cir. Feb. 26, 1988) (order granting petition for a writ of mandamus).

the claim is that an inferior court has acted outside the scope of its power." *Id.* at 1188 n. 11 (citation omitted).

We hold that mandamus is appropriate in this case. It is clear that petitioners and WMATA were entitled to a dismissal without prejudice pursuant to Rule 41(a)(1)(ii). As *Gardiner* observes, "[c]aselaw concerning stipulated dismissals under Rule 41(a)(1)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." *Id.* at 1189 (citations omitted); *cf. Randall v. Merrill Lynch,* 820 F.2d 1317, 1320 (D.C.Cir.1987), *cert. denied,* — U.S. ——, 108 S.Ct. 753, 98 L.Ed.2d 765 (1988) ("When the plaintiff files a notice of dismissal [pursuant to Rule 41(a)(1)(i) ] ... the dismissal takes effect automatically: the trial judge has no role to play at all."); *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1078 (7th Cir.1987) (stating "that a judge may not reject the Rule 41(a)(1)(i) notice and then decide the case on the merits; one disposition is enough!") (citations omitted).

Here, the district court judge "deprived the parties of their unconditional right to a Rule 41(a)(1)(ii) dismissal by stipulation." *Gardiner,* 747 F.2d at 1190. By altering the stipulation and causing the dismissal to be with prejudice, the district court judge has imposed legal prejudice on plaintiffs. "Imposition of such a condition [dismissal with prejudice] directly conflicts with the clear and unambiguous language of Rule 41(a)(1) which contains no exceptions that call for the exercise of judicial discretion by any court." *Id.* Therefore, due to the district court's excess of its legal authority, we granted the petition for a writ of mandamus and directed the district court to vacate its order.