Kathleen SMITH and Gladys Smith, as Co-Personal Representatives of the Estate of Floyd Wayne Smith, Deceased, Petitioners,

v.

The Honorable Layn R. PHILLIPS, Respondent.

No. 89-6056.

United States Court of Appeals, Tenth Circuit.

Aug. 2, 1989.

Elizabeth A. Riley of Castleberry & Kivel, Oklahoma City, Okl., for petitioners.

Layn R. Phillips, U.S. District Judge, filed a brief in response.

Before LOGAN, BRORBY and EBEL, Circuit Judges.

LOGAN, Circuit Judge.

In this mandamus action, we must decide whether, in the particular circumstances before us, a district court has the power to require that a settlement agreement be placed in the record.[1]

Petitioners' decedent was in custody in the Carter County, Oklahoma, jail when he died of strychnine poisoning. Petitioners filed suit against the state, county, city, and various officials alleging that decedent's civil rights were violated. Before trial, defendants State of Oklahoma and Oklahoma State Bureau of Investigation were dismissed on the pleadings, defendant McQueen was dismissed by stipulation, and defendants City of Ardmore, Willingham, Worthen, Hatch, Fugitt, and Denney were dismissed on summary judgment. The remaining defendants, along with Worthen, Fugitt, and Denney, subsequently executed settlement and confidentiality agreements with petitioners. Petitioners reserved the right in the settlement to appeal the summary judgment in favor of one non-settling defendant, Hatch.

On November 28, 1988, the parties filed in court a Stipulation for Confidentiality Order and, as permitted by Fed.R.Civ.P. 41(a)(1)(ii), a Stipulation for Dismissal with Prejudice. The purpose of the proposed confidentiality order was to prevent release of the settlement amount. Neither the request for a confidentiality order nor the stipulation of dismissal set forth the settlement agreement or incorporated it by reference.[2] Two days later, on November 30, the respondent judge denied the proposed confidentiality order, but signed the order of dismissal.

Petitioners filed a notice of appeal of the summary judgment granted in favor of defendant Hatch on December 21, 1988.[3] As of that date, the only matters pending before the district court were applications for costs and attorneys' fees by defendants City of Ardmore and Willingham, who had been granted summary judgment and who were not parties to the settlement agreement.

On January 30, 1989, the district court sua sponte ordered the terms of the settlement made "available to the public." Order of Jan. 30, 1989, at 1. This was followed on February 2 by an order to the parties to file with the court within ten days a document setting forth the terms of the settlement, including the dollar amount. Before the ten days elapsed, petitioners filed with the district court an Emergency Application for Stay of the January 30 and February 2 orders. A similar application for stay was filed with this court on February 13.

On February 14, 1989, the district court denied petitioners' application for stay and scheduled a hearing for February 16 to "determine why sanctions should not be imposed and/or contempt proceedings should not be instituted for failure to comply with the order of this Court." Order of Feb. 14, 1989, at 2. Later that same day, the court entered another order canceling the sanction/contempt hearing on the condition that the parties file the settlement document called for in the February 2 order by 4:30 p.m. on February 15. Also on the fourteenth, petitioners filed in this court a supplement to their earlier petition and requested a stay of the February 14 order as well.

On the afternoon of February 15, 1989, this court stayed the January 30, February 2, and February 14 orders, including "any hearings on sanctions or contempt for alleged violations" of any of these orders.

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

2. Unsigned settlement agreements omitting any settlement amounts were filed with earlier motions by petitioners attempting to force compliance; they are a part of the district court record.

3. This appeal presently is pending before this court.

We also ordered that the "terms of the settlement agreement that is the object of these orders, if filed or delivered to the District Court or to the judge, shall be kept under seal and not disclosed pending further order of this court." Apparently before receiving notice of this order, counsel for petitioners hand-delivered to the district judge the settlement document called for in the February 2 and February 14 orders. The district court then entered an order, which noted that because the statement of settlement had been filed there was no need for the sanctions/contempt hearing.

The scheduled hearing, of course, already had been stayed by order of this court and the settlement document had not been "filed" of record with the district court. Rather, it was delivered, as anticipated by our February 15 order, to the district judge personally by petitioners' counsel to avoid a contempt citation.

Our lengthy recitation of the facts is necessary to place in perspective the question we must resolve: does the district court have the power to order the parties to disclose the settlement agreement? Petitioners argue that under Fed.R.Civ.P. 41(a)(1)(ii) the stipulation of dismissal divested the district court of any jurisdiction it might have had to order the settlement agreement made public. Under the circumstances of this case, we agree.

■ A voluntary dismissal by stipulation under Rule 41(a)(1)(ii) is of right, cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court.[4] *E.g., In re Wolf,* 842 F.2d 464, 466 (D.C.Cir.1988) (per curiam); *Hinsdale v. Farmers Nat'l Bank & Trust Co.,* 823 F.2d 993, 995 & n. 1 (6th Cir.1987); *Gardiner v. A.H. Robins Co.,* 747 F.2d 1180, 1189–90 (8th Cir.1984). Once the stipulation is filed, the action on the merits is at an end.[5] *See In re Wolf,* 842 F.2d at 466; *McCall–Bey v. Franzen,* 777 F.2d 1178, 1185 (7th Cir.1985); *Gardiner,* 747 F.2d at 1189. We agree with the Seventh Circuit that "[a]n unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Fed.R.Civ.P.] 60(b)." *McCall–Bey,* 777 F.2d at 1190; *see also Hinsdale,* 823 F.2d at 995–96. Allowing the district court to force the disclosure of a settlement agreement that was not part of the record or subject to any court order effectively would deprive the parties of their right to unconditional dismissal under Rule 41(a)(1)(ii). *See, e.g., Gardiner,* 747 F.2d at 1190.

■ The district judge, who has filed a brief in opposition to petitioners' application for a writ of mandamus, argues that the signing of a dismissal order does not preclude the retention of jurisdiction by the court. This proposition sweeps too broadly. A court may have jurisdiction to order Rule 11 sanctions for conduct that occurred before a case was dismissed,[6] and it may condition a dismissal under Rule 41(a)(2) upon "such terms and conditions as the

---

4. *Compare* Fed.R.Civ.P. 41(a)(2), which provides that "[e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

5. We also note that the December 21, 1988, notice of appeal of summary judgment in favor of Hatch divested the district court of jurisdiction. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 379, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985); *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam).

6. Some courts have held that a district court can order sanctions, including attorneys' fees under Fed.R.Civ.P. 11, even though the action has been dismissed. *See Muthig v. Brant Point Nantucket, Inc.,* 838 F.2d 600, 603–04 (1st Cir.1988) (dismissal under Rule 41(a)(1)(ii)); *Szabo Food Serv., Inc. v. Canteen Corp.,* 823 F.2d 1073, 1078–79 (7th Cir.1987) (dismissal under Rule 41(a)(1)(i)), *cert. dismissed,* —— U.S. ——, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988). *Contra Johnson Chem. Co. v. Home Care Prods, Inc.,* 823 F.2d 28, 30–31 (2d Cir.1987) (district court could not vacate Rule 41(a)(1)(i) dismissal and levy Rule 11 sanctions; dismissal divested district court of all jurisdiction). Rule 11 proceedings are distinguishable from the instant situation because they are more in the nature of contempt, and are collateral to the merits of the action. *Muthig,* 838 F.2d at 604; *Szabo,* 823 F.2d at 1079.

court deems proper," which could include retention of some jurisdiction by the court. *See McCall–Bey,* 777 F.2d at 1188–90.[7] A district court, however, is powerless to condition a dismissal under Rule 41(a)(1)(ii) upon a retention of jurisdiction, and, indeed, it did not attempt to do so in the instant case.

■ The judge also contends that his order of January 30, 1989, "merely implemented its previous rejection of the proposed confidentiality agreement on November 30, 1988." Respondent's Brief at 16. The court's rejection of the confidentiality order, however, did not have the effect of ordering the settlement agreement made public. Rather, its only effect was that a violation of the confidentiality agreement could be remedied by an independent action on the merits, but not by threat of contempt of any court order. Rule 41(a)(1)(ii) does not require the district court to approve the settlement;[8] the settlement need not be filed with the court; and the stipulation need not recite the terms of the settlement. *E.g., McCall–Bey,* 777 F.2d at 1189. The rule anticipates that the district court will have no role to play in the settlement unless requested by the parties, or unless the settlement is embodied in a court order by agreement of the parties and the court. Here, the settlement agreement ultimately signed by the parties was not made a part of the district court record and, because the

district court denied the confidentiality order, is not subject to any court order. We find nothing in the law which gives the district court power to require parties not before the court to disclose documents not filed with the court when there is no case before the court. *Cf. Wyeth Laboratories v. United States Dist. Ct.,* 851 F.2d 321, 324 (10th Cir.1988) ("[W]hile the heart of judicial authority is article III of the Constitution, the lifeblood of the district court is the contents of the Judicial Code.... If an act can be performed by a district court, it is because it was permitted and not because it was not prohibited by Congress. Federal courts operate only in the presence rather than the absence of statutory authority.")

The judge next argues that a fair reading of the record discloses that he did not intend to abandon all jurisdiction in the case by signing the dismissal order. It may be that he did not intend to abdicate jurisdiction, but the filing of the stipulated dismissal with the court ended the case notwithstanding the court's alleged contrary intention. Nor does the pendency of applications for costs and attorneys' fees by two defendants not parties to the settlement agreement indicate that the district judge had authority to enter the disputed orders.[9] The existence of an application for attorneys' fees does not give a court

7. The operative dismissal in *McCall–Bey* was by the court under Rule 41(a)(2). 777 F.2d at 1184–85. A stipulated dismissal was entered, but only after the district court already had entered a dismissal order. The Seventh Circuit held that the district judge had jurisdiction to entertain a petition to enforce the settlement agreement because his dismissal under Rule 41(a)(2) evidenced an intent to retain jurisdiction. *Id.* at 1188–90. We note the following statement of the Seventh Circuit:

"If indeed the case was dismissed under Rule 41(a)(1)(ii), the plaintiff could not later complain to the court that the dismissal had been premised on a settlement agreement that the defendant had violated, and ask the court to order the defendant to abide by the agreement. The court would not have jurisdiction over the dispute merely by virtue of having had jurisdiction over the case that was settled."

*Id.* at 1185. Thus, the only means by which the district court in *McCall–Bey* was able to retain

jurisdiction was because it dismissed the action under Rule 41(a)(2) before the parties' stipulation under Rule 41(a)(1)(ii) was filed with the court. *Id.* at 1188–90.

8. Only "subject to the provisions of Rule 23(e) [class action suits], of Rule 66 [actions in which a receiver has been appointed by the court], and of any statute of the United States" must the district court approve proposed settlements. Fed.R.Civ.P. 41(a)(1).

9. Even after an appeal has been taken the district court may consider applications for attorneys' fees because they are considered wholly collateral to the merits under 28 U.S.C. § 1291. *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 108 S.Ct. 1717, 1720–21, 100 L.Ed.2d 178 (1988); *Garcia v. Burlington N. R.R.,* 818 F.2d 713, 721 (10th Cir.1987); *Thomas v. Capital Sec. Servs., Inc.,* 812 F.2d 984, 987 (5th Cir.1987).

the power to issue sua sponte orders unrelated to the fees application after a stipulated dismissal.

■ Finally, the respondent judge contends that the writ should be denied as moot because terms of the settlement, including the dollar amount, have been reported without attribution in the press. Because the writ challenges the very power of the judge to issue the disputed orders, we question whether this issue ever could be moot. But we do not rest our decision on that point. We conclude that the writ application is not moot because neither this court nor the respondent judge, without unsealing and examining the settlement agreement, knows whether the news accounts of the settlement amount are accurate. In addition, the ultimate terms of the settlement on matters other than its amount may have differed from the unsigned copies of aborted settlements that are part of the record.

No doubt the respondent judge thought it was in the public interest to reveal the terms of the settlement in this publicized suit against public officials. But we hold that he was without power to enter the orders of January 30, 1989, February 2, 1989, and February 14, 1989, and, therefore, we grant the writ of mandamus. We order the court to return to counsel the settlement document now under seal. The other claims for relief by petitioners have been mooted by our action herein and accordingly are denied.

WRIT GRANTED.