Charles DAINES, Plaintiff,

v.

Robert HARRISON, Sheriff of Park County, Colorado, in his official and personal capacities, Defendant.

Civ. A. No. 92 N 1197.

United States District Court, D. Colorado.

Aug. 31, 1993.

Forrest W. Lewis, Schoenwald & Lewis, P.C., Michael L. Smith, Denver, CO, for plaintiff.

Cathy H. Greer, Hall & Evans, Denver, CO, for defendant.

Thomas B. Kelley, John R. Mann, Cooper & Kelley, P.C., Denver, CO, for petitioners Arkansas Valley Pub. Co. and Carol Wilburn.

## ORDER AND MEMORANDUM OF DECISION

NOTTINGHAM, District Judge.

This case arose out of the dismissal of Plaintiff Daines from his employment with the Park County Sheriff's Department. Daines was employed as a deputy sheriff from February 1, 1989, until September 19, 1991. The Park County Sheriff, Defendant Harrison, asserts that Daines was terminated for performance deficiencies. Daines alleges that he was terminated for giving certain testimony, favorable to the defense, at a trial. His testimony also called into question the actions of some fellow deputies. The defendant in that trial was acquitted.

This lawsuit was resolved at a settlement conference before a United States magistrate on March 11, 1993. The magistrate orally ordered that the terms of the settlement be kept confidential. He issued a written order to this effect on May 24, 1993. In early May 1993, a newspaper called *The Fairplay Flume* had requested the opportunity to read and copy the settlement agreement entered into by the parties. Upon learning that the terms of the settlement were being kept confidential pursuant to the magistrate's order, the newspaper filed a petition with this court to have that order vacated.

This matter is before the court on the "Petition of Fairplay Flume and Carol Wilburn to Rescind Order Limiting Access to Public Records" filed July 2, 1993. On August 27, 1993, I held a hearing on this petition. After examining the submissions of petitioners and parties, I conclude that (1) petitioners do have standing to challenge the court order despite the absence of a motion to intervene; and (2) the magistrate abused his discretion in entering the confidentiality order. I therefore grant petitioners' motion to vacate the confidentiality order.

## ANALYSIS

### 1. Standing

Defendant Harrison, in opposing petitioners' request for vacation of the magistrate's confidentiality order, argues that petitioners lack standing to challenge the order. (Def.'s Resp. to Pet. to Rescind Order Limiting Access to Public Records at 2–4 [filed July 20, 1993] [hereinafter Def.'s Resp.].) Standing requires an injury-in-fact, caused by an allegedly illegal action, which is likely to be redressed by a favorable decision. *Oklahoma Hosp. Ass'n v. Oklahoma Publishing Co.*, 748 F.2d 1421, 1424 (10th Cir.1984) (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 [1982] ), *cert. denied*, 473 U.S. 905, 105 S.Ct. 3528, 87 L.Ed.2d 652 (1985). In particular, defendant states that petitioners cannot satisfy the redressability prong of the standing test. I disagree.

It is true that, even if I vacate the magistrate's order, whoever has custody of Park County records could attempt to utilize the residual exception to the Colorado Open Records Act ("Act") in order to block disclosure of the settlement agreement. Colo.Rev.Stat. § 24–72–204(6) (1988 Repl.Vol.). The possibility that petitioners might fail in their attempt to gain access to the settlement agreement, for a reason other than the confidentiality order entered by the magistrate, is simply not enough to defeat standing. The *Oklahoma Hospital* case is distinguishable. Even if the protective order in that case had been vacated, the parties would not have been obligated to disseminate the desired information, procured by the parties during discovery, to nonparties. *Oklahoma Hosp.*, 748 F.2d at 1425. The parties had vigorously resisted dissemination of this material and were not going to relinquish it voluntarily. There was no mechanism for access to dis-

covery materials by nonparties. In contrast to this, the Colorado Open Records Act creates a presumption of access to public records. Colo.Rev.Stat. § 24–72–203 (1988 Repl.Vol.). Refusal of access can be challenged in state court. The custodian of records must then show cause why access was denied. Colo.Rev.Stat. § 24–72–204(5) (1988 Repl.Vol.). I therefore reject defendant's redressability argument. Dealing with the confidentiality order is a necessary first step in addressing the newspaper's contentions.

Defendant also argues that, before petitioners can challenge the magistrate's order, they must first move for intervention pursuant to rule 24 of the Federal Rules of Civil Procedure. I agree, but conclude that failure to move for intervention is not enough to defeat standing. *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 784 (1st Cir.1988), *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989). In the *Public Citizen* case, a group comprised of public health organizations sought to gain access to discovery materials produced in tobacco litigation. Rather than filing a motion to intervene, Public Citizen sought to proceed as a nonparty movant pursuant to a local rule. The First Circuit held that Public Citizen should have filed a motion to intervene pursuant to rule 24, but further stated that federal courts have not strictly enforced this requirement and proceeded to rule as if Public Citizen had filed the correct motion. *Public Citizen,* 858 F.2d at 783.

In this case, petitioners technically should have proceeded under rule 24. This rule requires filing a motion to intervene, accompanied by a pleading that sets forth the claim or defense for which intervention is sought. Fed.R.Civ.P. 24(c). Since petitioners have submitted pleadings detailing the basis for their claim, I conclude that this is enough to comply with the spirit of rule 24. "[F]ederal courts have been quite lenient in permitting participation by parties who failed to comply strictly with [r]ule 24." *Public Citizen,* 858 F.2d at 783. I will proceed as if a motion that complied with the procedural requirements of rule 24 had been filed and granted.

### 2. *Magistrate's Confidentiality Order*

In order to guarantee that the public is able to inspect court records, the public right of access "ensure[s] a presumption of access and permit[s] a court to bar disclosure only when the specific interests favoring secrecy outweigh the general and specific interests favoring disclosure." *Mokhiber v. Davis,* 537 A.2d 1100, 1108 (D.C.1988). When a court utilizes its discretion to issue a confidentiality order, it should "weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461 (10th Cir.1980) (citing *Nixon v. Warner Comm., Inc.,* 435 U.S. 589, 602, 98 S.Ct. 1306, 1314, 55 L.Ed.2d 570 (1978). There are a number of factors to be considered in this analysis.

In the instant case, the public has an interest in seeing that public funds are utilized properly. This is an important concern, and secrecy surrounding disbursement of such funds is contrary to sound public policy. On the other hand, the public also has an interest in promoting settlement which conserves judicial and state resources. Everyone agrees that confidentiality furthers settlement. The public's interests have the potential to be in conflict.

Of course, the parties themselves have a personal interest in settling the case. The parties' interest in maintaining the confidentiality of the settlement could stem from a desire not to disclose their bad behavior. Petitioners maintain that the magistrate's order was entered at the request of the parties in an effort to avoid embarrassment or harm to the reputation of the parties. (Pet. at 2.) This is certainly not a compelling reason to grant a confidentiality order. *Brown & Williamson Tobacco Corp. v. Federal Trade Comm'n,* 710 F.2d 1165, 1179 (6th Cir.1983) (holding that harm to reputation is not enough to overcome presumption of public access); *cert. denied,* 465 U.S. 1100, 104 S.Ct. 1595, 80 L.Ed.2d 127 (1984). The parties' reliance on the magistrate's confidentiality order is of greater concern to me. *City of Hartford v. Chase,* 942 F.2d 130, 136 (2d Cir.1991) (pointing to reliance of parties in upholding confidentiality order). *See also*

*Mokhiber,* 537 A.2d at 1116–17. However, it is not enough to tip the balance in their favor.

Upon consideration of all of these factors, I conclude that it is not part of this court's proper role to enforce the confidentiality of the agreement. The parties have not been able to successfully rebut the presumption of access. They have not demonstrated even one specific interest favoring confidentiality that would outweigh the interests favoring disclosure. *Mokhiber,* 537 A.2d at 1108. There are no trade secrets, potentially defamatory material, or threats to national security involved in this litigation. *Brown & Williamson Tobacco Corp.,* 710 F.2d at 1179. This is not a complex, multi-district litigation in which the costs of trial would be so enormous that settlement is enormously valuable. *See In re Franklin Nat'l Bank Sec. Litig.,* 92 F.R.D. 468, 472 (E.D.N.Y.1981), *aff'd,* 677 F.2d 230 (2d Cir.1982). Rather, this is a dispute between two public employees which was resolved—using public funds. *Bank of America Nat'l Trust and Savings v. Hotel Rittenhouse,* 800 F.2d 339, 346 (1986) (unsealing a court record in a case involving a single dispute among a small group of parties where no particularized showing of a need for secrecy was made.) I will not use the authority of this court to keep the terms of this settlement confidential. *See Carroll v. Southwestern Bell Corp.,* 982 F.2d 1255 (8th Cir.1993) (Gibson, J., dissenting). I thus vacate the magistrate's confidentiality order.

Defendant Harrison urges me to adopt the Second Circuit's standard for modifying or vacating a confidentiality order. I refuse to do so. The Second Circuit has held that a confidentiality order should be vacated only upon a showing of "extraordinary circumstances" or "compelling need." *Palmieri v. State of N.Y.,* 779 F.2d 861, 864 (2d Cir.1985); *FDIC v. Ernst & Ernst,* 677 F.2d 230, 232 (1982). This is too stringent a standard, particularly in this case, since my ruling here only vacates a magistrate's confidentiality order.

I stress that this ruling does not mandate the release of the settlement agreement to the petitioners. Confidentiality is one of the terms of the agreement. If one of the parties discloses the terms of the settlement, the other party will have a cause of action for breach of contract. *Smith v. Phillips,* 881 F.2d 902, 905 (10th Cir.1989). The agreement is not now, and never was, part of the court's records. Consequently, it is beyond my authority to order disclosure of the terms of settlement. "Allowing the district court to force the disclosure of a settlement agreement that was not part of the record or subject to any court order effectively would deprive the parties of their right to unconditional dismissal under Rule 41(a)(1)(ii)." *Smith,* 881 F.2d at 904. Today's order merely vacates the confidentiality order entered by the magistrate. Petitioners must now proceed pursuant to the provisions of the Colorado Open Records Act if they wish to inspect and copy the settlement agreement. *People in Interest of A.A.T.,* 759 P.2d 853, 855 (Colo.Ct.App.1988) (holding that Colo. Rev.Stat. §§ 24–72–204[5] and [6] provide the exclusive procedures for requesting records and resolving disputes involving record accessibility). *See also Denver Publishing Co. v. University of Colo.,* 812 P.2d 682, 685 (Colo.Ct.App.1990) (finding that the public interest exception, Colo.Rev.Stat. § 24–72–204[6], was not properly raised because no application was made to the district court).

On the basis of the foregoing findings and conclusions, it is therefore

ORDERED that petitioner's motion to rescind order limiting access to public records is GRANTED.