72 F.3d 919
 315 U.S.App.D.C. 280
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Jason LARISCEY, Appellant,
v.
DEPARTMENT OF JUSTICE, Federal Bureau of Prisons, Federal
Prison Industries; Gentex Corporation.
 No. 95-5172.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 18, 1995.
 
 Before: BUCKLEY, GINSBURG, and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 36(b). Upon consideration of the foregoing, the motion for summary affirmance, the motion for appointment of counsel, and the motion to appoint a special prosecutor, it is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order filed May 23, 1995, dismissing appellant's complaint for failure to state a claim, be affirmed. See Fed.R.Civ.P. 12(b)(6). Appellant lacks standing to compel the criminal prosecution of appellees or to seek habeas relief for members of the Armed Forces. See United States v. Nixon, 418 U.S. 683, 693 (1974) (executive branch has exclusive authority and absolute discretion to decide whether to prosecute a case); Whitmore v. Arkansas, 495 U.S. 149, 154-56, 165 (1990) (habeas petitioner must have redressable injury in fact traceable to challenged action to establish standing; to possess standing as "next friend," real party in interest must be under some disability). Moreover, appellant does not allege that monies received by Federal Prison Industries were not properly deposited in the Federal Treasury, that those funds were mishandled in any manner, or that products were sold to the public in violation of the governing statute. See 18 U.S.C. Secs. 4122, 4126. Even if appellant's complaint were construed as a request for mandamus relief, he fails to demonstrate a clear and indisputable right to relief. See Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988); In re Wolf, 842 F.2d 464, 465 (D.C.Cir.1988) (per curiam). It is
 
 
 3
 FURTHER ORDERED that the motion for summary affirmance, the motion for appointment of counsel, and the motion to appoint a special prosecutor be dismissed as moot.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.