**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 17 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JOHN FIRESTONE; STEVEN R.
MILLER, JR., individually and on
behalf of all others similarly situated,

Plaintiffs-Appellants,

v.

LOU GALLEGOS, Acting Secretary
of the New Mexico Human Services
Department; NEW MEXICO HUMAN
SERVICES DEPARTMENT,

Defendants-Appellees.

No. 98-2171
(D.C. No. CIV-97-1416-JP)
(D. N.M.)

---

ORDER AND JUDGMENT  *

---

Before **ANDERSON** , **EBEL** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs-Appellants appeal from the district court's order denying their motion for approval of a stipulated dismissal pursuant to Fed. R. Civ. P. 23(e). We affirm.

Plaintiffs filed this action in New Mexico state court as a class action. They sought declaratory and injunctive relief to halt defendants from enforcing an income eligibility rule pertaining to receipt of public assistance benefits. Defendants removed the action to the federal district court for the district of New Mexico.

On January 15, 1998, defendants' counsel wrote to plaintiffs indicating that they had voluntarily halted enforcement of the rule challenged in this suit. On February 9, 1998, the parties submitted a stipulation of dismissal to the court. At the time the stipulation of dismissal was filed, plaintiffs had neither sought nor received class certification.

Three months later, on May 5, 1998, plaintiffs filed a motion for approval of the stipulated dismissal pursuant to Fed. R. Civ. P. 23(e). Defendants opposed the motion. The district court denied it, concluding that Rule 23(e) did not require its approval for the dismissal. This appeal followed.

## I.

Defendants challenge our jurisdiction to entertain this appeal. They contend that the February 9, 1998 stipulation of dismissal constituted the final judgment in this action, and that plaintiffs should therefore have filed their notice of appeal within thirty days of the date it was filed. See Fed. R. App. P. 4(a)(1). We disagree. Plaintiffs' motion for approval of the settlement was the equivalent of a motion under Fed. R. Civ. P. 60(b) to reopen the judgment. See Rice v. Ford Motor Co., 88 F.3d 914, 917-20 (11th Cir. 1996) (treating defendant's motion for review of district court's order approving voluntary dismissal as a Rule 60(b)(6) motion for purposes of timeliness of appeal and addressing denial of motion on the merits); see generally Smith v. Phillips, 881 F.2d 902, 904 (10th Cir. 1989) (stating that parties may attack Rule 41 voluntary dismissal by means of motion under Rule 60(b)). Plaintiffs took timely appeal from the order denying their motion. We therefore have jurisdiction to consider this appeal.

## II.

Plaintiffs filed their stipulated dismissal in this action pursuant to Fed. R. Civ. P. 41(a)(1). That rule allows a plaintiff to dismiss an action without order of court by filing a stipulation of dismissal signed by all parties who have appeared in the action. Such a dismissal is subject, however, to the provisions of Fed. R. Civ. P. 23(e). See Rule 41(a)(1). Rule 23(e) provides that "[a] class action shall

-3-

not be dismissed or compromised without the approval of the court." [1] When one reads these two rules together, it becomes apparent that although an ordinary action requires only notice to the court to effect a voluntary dismissal of the action, a class action cannot be dismissed or settled without approval of the court. See Baker v. America's Mortgage Servicing, Inc., 58 F.3d 321, 324 (7th Cir. 1995).

The complaint in this action contains a class allegation. The district court concluded, however, that it was not a "class action" for purposes of Rule 23(e) because plaintiffs had not yet received class certification at the time of dismissal. We have not had occasion to address whether a putative class action constitutes a "class action" prior to certification. [2]

---

[1] The rule also provides for notice to members of the class; however, that requirement does not appear to be at issue in this appeal.

[2] Supreme Court dicta suggests that the procedural requirements established by Rule 23(e) come into play only after a class has been certified. See Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 332 n.5 (1980) (stating that "once a class is certified, a class action may not be dismissed or compromised without the approval of the court") (quotation omitted); Sosna v. Iowa, 419 U.S. 393, 399 n.8 (1975) (same). Circuit authority is to the contrary, however. The majority rule holds that Rule 23(e) applies prior to class certification. See Baker, 58 F.3d at 324; Diaz v. Trust Territory of the Pac. Islands, 876 F.2d 1401, 1406-08 (9th Cir. 1989); Glidden v. Chromalloy Am. Corp., 808 F.2d 621, 625-28 (7th Cir. 1986). The Fourth Circuit, although holding that Rule 23(e) applies only after a class has been certified, imposes a duty upon the district court to examine the proposed settlement to determine whether there has been abuse of the class action device or prejudice to putative class members. See Shelton v. Pargo, Inc., 582 F.2d 1298, 1303-04, 1314-15 (4th Cir. 1978).

We do not find it necessary to answer that question in this case, however. Instead, we conclude that the district court properly denied relief because plaintiffs failed to plead facts entitling them to relief under Rule 60(b). Relief under Rule 60(b) is extraordinary, and will be granted only in exceptional circumstances. See Lindberg v. United States, Nos. 96-1403, 96-1472, 1999 WL 11280, slip. op. at 21 (10th Cir. Jan. 14, 1999). Plaintiffs failed to allege any exceptional circumstances which would justify an inquiry by the court and formal order of dismissal pursuant to Rule 23(e). Cf. Rice, 88 F.3d at 919 ("The district court concluded that, in a case like this . . . the approval and notice requirements of Rule 23(e) do not apply until after class certification . . . . Regardless of whether this is a correct interpretation of Rule 23(e) [the movant's Rule 60(b) motion was properly denied because the movant] fail[ed] to allege either in its motion for review or on appeal any exceptional circumstances to justify Rule 60(b) relief.").

In their reply brief in district court, plaintiffs argued for the first time that they needed the district court to enter an order approving the settlement so that they could file a motion for attorney's fees. They claimed that they had "assumed" that such an order would be entered after they filed the stipulation. Appellant's App. at 74. Plaintiffs did not offer any explanation for their failure, as proponents of the settlement, to ask the court to approve the stipulated

-5-

dismissal at the time it was filed. Cf. Blanchard v. Edgemark Fin. Corp., 175 F.R.D. 293, 300 (N.D. Ill. 1997) (stating that although review is automatic under Rule 23(e), settlement's proponents bear the burden of submitting it for review and approval and of establishing its fairness). Plaintiffs failed as a matter of law to set forth grounds for reopening the judgment based on their own, earlier mistake or negligence. See, e.g., Greenwood Explorations, Ltd. v. Merit Gas & Oil Corp., 837 F.2d 423, 426 (10th Cir. 1988) (movant seeking Rule 60(b) relief based on mistake or excusable neglect must plead and prove the mistake or excusable neglect).

Moreover, plaintiffs asserted no harm to the absent class members for whose benefit Rule 23(e) exists. See Glidden v. Chromalloy Am. Corp., 808 F.2d 621, 626-27 (7th Cir. 1986). We are unable to discern any such prejudice from the record resulting from the lack of court approval of the settlement. Since a class had not yet been certified, the dismissal does not have a res judicata effect against the interests of absent class members. See Diaz v. Trust Territory of the Pac. Islands, 876 F.2d 1401, 1408 (9th Cir. 1989). Defendants have ceased enforcement of the challenged regulation, and there are therefore most likely no longer any aggrieved persons who could even form a class. Finally, plaintiffs specifically asked the court to forego notice to prospective class members in connection with approval of the settlement, thus demonstrating that they were

unconcerned about the effect of court approval on those whom it was designed to protect.

The district court did not commit reversible error by denying relief pursuant to Rule 60(b).  The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge
