**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LIMING WU,

    Plaintiff - Appellant,

v.

DAVID BERNHARDT, Secretary, of the
United States Department of Interior;
UNITED STATES DEPARTMENT OF
INTERIOR, Bureau of Land Management;
NEW MEXICO STATE OFFICE, DOI
BLM; ADEN SEIDLITZ; BUREAU OF
LAND MANAGEMENT; UNITED
STATES OF AMERICA,

    Defendants - Appellees.

No. 19-2068
(D.C. Nos. 1:14-CV-00150-RB-KRS,
1:17-CV-00113-MV-LF,
1:18-CV-00813-KBM-SCY)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, **PHILLIPS**, and **CARSON**, Circuit Judges.
_____

Liming Wu appeals pro se from several district court orders entered in three

consolidated actions she brought against her former employer, the Department of

Interior (DOI), and various federal officials. Most of the challenged orders are not

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

final decisions, and we accordingly dismiss the appeal in part for lack of jurisdiction. To the extent we do have jurisdiction under 28 U.S.C. § 1291, we affirm the district court's judgment.

I

Ms. Wu worked for the DOI from 2010 until she was terminated in 2013. Over the next several years, she brought three different lawsuits against the DOI, her supervisor, and other federal officials, claiming she was subjected to discrimination and other wrongs during her employment. We need not chronicle the interwoven procedural histories of these cases. The first action concluded when Ms. Wu settled with the DOI, resulting in a joint stipulated dismissal of all her claims with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii), *see Wu v. Jewell*, No. 14-cv-150 (D. N.M. Aug. 17, 2015), although she later sought post-judgment relief, which the district court denied. Almost a year and a half after the stipulated dismissal, Ms. Wu brought a second lawsuit, *Wu v. Jewell*, No. 17-cv-113 (D. N.M. Jan. 23, 2017), which remains pending in the district court. And in August 2018, she filed her third lawsuit, *Wu v. Seidlitz*, No. 18-cv-813 (D. N.M. Aug. 27, 2018), which the district court dismissed for improper claim-splitting. In each case, Ms. Wu relied on common facts to pursue different theories against various defendants, and at times she filed pleadings in one case seeking relief in another. Given the interrelated nature of the cases, the district court consolidated them under Fed. R. Civ. P. 42(a).

When a district court consolidates cases under Fed. R. Civ. P. 42(a), the "constituent cases retain their separate identities at least to the extent that a final

2

decision in one is immediately appealable by the losing party. That is, after all, the point at which, by definition, a district court disassociates itself from a case." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) (internal quotation marks omitted). "[C]onsolidation does not merge separate suits into one cause of action." *Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982); *see Hall*, 138 S. Ct. at 1125 (recognizing that consolidation does not effect a "complete merger" and that the statutory history of Rule 42(a) "makes clear that one of multiple cases consolidated under the Rule retains its independent character . . . regardless of any ongoing proceedings in the other cases"). Consolidation is merely an administrative device used for convenience to "accomplish[] those considerations of judicial economy and fairness." *Harris*, 687 F.2d at 1368 (internal quotation marks omitted).

The consolidation of Ms. Wu's actions did not merge them or otherwise alter their independent character. Although the actions rely on shared facts, and Ms. Wu filed similar pleadings—sometimes seeking relief in other actions—the actions were independent of one another. We treat them accordingly throughout our analysis.

II

*A.  Scope of the Appeal*

We first consider the scope of this appeal. Ms. Wu challenges multiple orders entered in No. 17-cv-113, but that case is still pending in the district court, and we lack jurisdiction to consider the non-final decisions contested on appeal. Indeed, the district court dismissed several claims made in the fourth amended complaint and granted Ms. Wu leave to file a fifth amended complaint. "[W]hen [a] dismissal order

expressly grants the plaintiff leave to amend, that conclusively shows that the district court intended only to dismiss the complaint; the dismissal is thus not a final decision." *Moya v. Schollenbarger*, 465 F.3d 444, 451 (10th Cir. 2006) (emphasis omitted). We therefore dismiss the appeal to the extent it challenges the following orders entered in No. 17-cv-113:

- order dated December 4, 2018, substituting the United States for defendants Mallory and Grohman, *see* Supp. R., Vol. 2 at 1-2;[1]

- order dated February 21, 2019, denying post-judgment relief in No. 14-cv-150, *see* R. at 587-99;

- order dated March 12, 2019, denying the motion to reconsider consolidating cases and requesting recusal; *see id.* at 604-11;

- order dated April 16, 2019, dismissing in part the fourth amended complaint and granting Ms. Wu leave to file a fifth amended complaint, *see id.* at 612-35; and

- order dated April 17, 2019, denying leave to file a proposed fifth amended complaint but reiterating that Ms. Wu could file a fifth amended complaint that complied with the court's directives to properly plead the surviving claims, *see* Supp. R. at 218.[2]

As for No. 14-cv-150, we have jurisdiction to review the denial of relief under Fed. R. Civ. P. 60(b) because the underlying ruling was a final decision.

---

[1] We cite the record on appeal using the following convention: "R." refers to the record filed May 23, 2019; "Supp. R." refers to the supplemental record filed June 19, 2019; "Supp. R., Vol. 1" refers to the supplemental record filed June 21, 2019; and "Supp. R., Vol. 2" refers to the supplemental record filed September 4, 2019.

[2] The caption of this order indicates it was filed in No. 14-cv-150, but the order expressly states Ms. Wu was granted leave to file a fifth amended complaint in No. 17-cv-113. The caption, like those in other orders, conforms to the directive in the consolidation order that all documents be filed in No. 14-cv-150. *See* R. at 243.

4

*See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1008 (10th Cir. 2000).

We also have jurisdiction to review the dismissal of No. 18-cv-813 for improper claim-splitting. *See Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011). We therefore proceed to the merits of the appeal.

### B. Merits

#### 1. No. 14-cv-150: Denial of Post-Judgment Relief

In 2014, Ms. Wu initiated No. 14-cv-150, claiming she was subjected to discrimination, retaliation, and negligence during her employment. On July 22, 2015, she entered a settlement agreement with the DOI, under the terms of which she agreed to release all claims that she brought, or could have brought, arising out of her employment. In consideration for the release, the DOI agreed to write a neutral letter of recommendation and to pay Ms. Wu $200,000. Shortly afterwards, however, Ms. Wu attempted to revoke the settlement agreement. She returned to work and received a stressful assignment that caused her to lose sleep and, at some point, fall, hit her head, and suffer a traumatic brain injury (TBI). Meanwhile, the DOI moved to enforce the settlement agreement. Ms. Wu again changed course, withdrew her opposition to the settlement, and consented to the motion to enforce. Accordingly, the district court entered an order enforcing the settlement agreement and, on August 17, 2015, entered the stipulated dismissal with prejudice.

Nearly three years later, on May 31, 2018, Ms. Wu moved under Fed. R. Civ. P. 60(b)(6) to set aside the stipulated dismissal. She argued that she signed the settlement agreement under duress and fraudulent circumstances. She claimed she was under duress

5

because the DOI's attorney moved to enforce the settlement agreement after she suffered the TBI. She asserted there was fraud because the DOI's attorney sought to enforce the settlement agreement to cover-up alleged criminal conduct of Ms. Wu's supervisor. She further claimed there were extraordinary circumstances warranting relief: she suffered a TBI, she became impoverished after the district court entered the stipulated dismissal, the DOI breached the settlement agreement by failing to provide her with a neutral letter of recommendation, and her attorney was negligent in handling the settlement.

Then, on August 20, 2018, Ms. Wu filed another Rule 60(b)(6) motion, this time seeking to set aside the settlement agreement and the order enforcing it. Repeating many of the same arguments made in her May 31 motion, sometimes verbatim, Ms. Wu asserted she signed the settlement agreement involuntarily and based on fraudulent misrepresentations.

The district court denied both motions. The court first declined to set aside the stipulated dismissal, ruling that Ms. Wu's allegations of fraud should have been brought under Rule 60(b)(3), which is subject to a one-year deadline for seeking relief. The court concluded her motion was untimely and, in any event, she failed to substantiate her allegations of fraud or explain how they impacted her case. To the extent she invoked Rule 60(b)(6), the court ruled she failed to show any extraordinary circumstance justifying relief. The court then considered the motion to set aside the settlement agreement and the order enforcing it. The court pointed out that the stipulated dismissal did not provide for the court's retention of jurisdiction after dismissal, and thus the only avenue of relief was by way of a Rule 60(b) motion, which the court had just denied. Given its denial of relief,

6

the court concluded it lacked jurisdiction to consider the motion to set aside either the settlement agreement or the order enforcing it.

We review the denial of Rule 60(b) relief only for "an abuse of discretion, keeping in mind that Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (internal quotation marks omitted). "[A] Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument." *Id.* Nor is a Rule 60(b) motion a substitute for an appeal; consequently, "our review is meaningfully narrower than review of the merits of a direct appeal." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (citation and internal quotation marks omitted). To warrant relief under Rule 60(b)(3), a movant "must show clear and convincing proof of fraud, misrepresentation, or misconduct." *Id.* at 1290 (internal quotation marks omitted). "[M]isconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." *Id.* at 1291 (internal quotation marks omitted). The availability of relief under Rule 60(b)(6) is independent of the other enumerated provisions of Rule 60(b), "is even more difficult to attain[,] and is appropriate only when it offends justice to deny such relief." *Id.* at 1293 (internal quotation marks omitted).

The district court did not abuse its discretion in declining to set aside the stipulated dismissal. To the extent Ms. Wu's Rule 60(b) motion was predicated on fraud, relief was not appropriate under Rule 60(b)(3) because the facts underling her motion—*viz.*, her

supervisor's alleged criminality—were known to her before she entered the settlement agreement.  *See* R. at 169 (indicating Ms. Wu informed her lawyer of the alleged criminal conduct on February 8 and March 5, 2015).  Moreover, Ms. Wu did not explain how the alleged nondisclosure of this information to the court impacted her case, and she filed her motion well beyond the one-year deadline, *see* Fed. R. Civ. P. 60(c) (requiring motion to be "made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding").

Nor did the court abuse its discretion in denying relief under Rule 60(b)(6).  Ms. Wu claimed her TBI was an exceptional circumstance warranting relief, presumably because she was somehow impaired while considering the settlement, but she was represented by counsel at the time.  We have observed in the context of equitably tolling a statute of limitations that some courts that do recognize mental incapacity as an exceptional circumstance if there was an adjudication or institutionalization have refused to do so if the plaintiff was represented by counsel.  *See Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996).  There is no indication Ms. Wu was adjudicated incompetent or institutionalized or that she was otherwise incapable of pursuing her interests, and she had an attorney.  Although she claimed her attorney was negligent in advising her how to handle the settlement, litigation mistakes of this sort do not warrant relief.  *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577-78 (10th Cir. 1996) (explaining that claims of mistake that a party could not have protected against, such as counsel acting without authority, may be pursued under Rule 60(b)(1), but claims of mistake in following deliberate advice of counsel do not warrant relief).  Thus, while

8

counsel's alleged negligence may be cause for a malpractice action, it is not cause for setting aside the stipulated dismissal.

Likewise, the DOI's alleged failure to provide a neutral letter of recommendation (the letter is contained in the record, *see* R. at 213) might have been grounds for an action to enforce the settlement, but it is no basis for setting aside the stipulated dismissal. *See Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993) ("Assuming . . . [defendant] breached the terms of the settlement agreement, that is no reason to set the judgment of dismissal aside, although it may give rise to a cause of action to enforce the agreement." (emphasis omitted)). Further, Ms. Wu does not explain why her alleged poverty post-settlement warrants setting aside the dismissal, particularly where she made the deliberate choice to enter the settlement agreement and release her claims in exchange for $200,000. *See Johnson v. Spencer*, 950 F.3d 680, 703 (10th Cir. 2020) ("The sort of free, calculated, and deliberate choices that may undermine a party's request for Rule 60(b)(6) relief are things like settlement agreements that have not worked out for the party . . . ." (internal quotation marks omitted)). We also note there is no evidence she returned the $200,000. Under these circumstances, the district court did not abuse its discretion in denying the motion to set aside the stipulated dismissal. Absent any basis for setting aside the stipulated dismissal, the district court properly declined to set aside the settlement agreement or the order enforcing it. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (holding that absent a reservation of jurisdiction in the stipulated dismissal order, federal courts lack jurisdiction to consider enforcement of a settlement agreement); *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989) ("Once [a voluntary

9

dismissal by stipulation under Rule 41(a)] is filed, the action on the merits is at an end. . . . [A]n unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Fed. R. Civ. P. 60(b)." (footnote, alterations, and citations omitted)).

   2. *No. 18-cv-813*

We now consider whether the district court abused its discretion in dismissing No. 18-cv-813 for improper claim-splitting. *See Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002) (reviewing dismissal on basis of claim-splitting for abuse of discretion). In No. 18-cv-813, Ms. Wu brought FTCA claims against Aden Seidlitz, the acting state director of the Bureau of Land Management, which is an agency of the DOI. As before, her claims related to the alleged wrongdoing she experienced during her employment at the DOI. In particular, she alleged Seidlitz engaged in tortious conduct by giving her the stressful work assignment that ultimately caused her to suffer a TBI. Her allegations echoed those of her original complaint in No. 14-cv-150 and tracked—sometimes verbatim—her Rule 60(b) motions, although she now personally identified Seidlitz as the individual who gave her the stressful work assignment. *Compare* Supp. R., Vol. 2 at 11, para. 20-21 (Compl., No. 18-cv-813), *with*, R. at 164 (Mot. to Set Aside Stipulated Dismissal, filed May 31, 2018), *and id.* at 226 (Mot. to Set Aside Settlement Agreement, filed Aug. 20, 2018). Her allegations also tracked—again, at times verbatim—those in the fourth amended complaint in No. 17-cv-113. *Compare* Supp. R., Vol. 2 at 10, para. 16 (Compl., No. 18-cv-813) (alleging whistleblower complaint prompted settlement negotiations), *with*, R. at 287, para. 36 (same). Although Ms. Wu

10

pursued different legal theories against Seidlitz, the precise factual basis for her two FTCA claims in No. 18-cv-813 was expressly stated in the fourth amended complaint in No. 17-cv-113. *Compare* Supp. R., Vol. 2 at 11, para. 20 (Compl., No. 18-cv-813) ("On August 3, 2015, Defendant Aden Seidlitz handed plaintiff a threatening job order . . . ."), *and id.* at 12, para. 28 (alleging Seidlitz "negligently issu[ed] threatening assignment order"), *and id.* at 13, para. 35 (alleging "Seidlitz negligently and recklessly . . . caused personal injury to Plaintiff"), *with*, R. at 291, para. 59 (Fourth Amend. Compl., No. 17-cv-113) ("On August 3, 2015, Plaintiff . . . received a[] threatening assignment order, . . . causing Plaintiff severe emotional distress, deep fear and horror that . . . caused Plaintiff [to] suffer[] severe injury.").

The district court did not abuse its discretion in dismissing No. 18-cv-813 for improper claim-splitting. "District courts have discretion to control their dockets by dismissing duplicative cases." *Katz*, 655 F.3d at 1217. "The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'" *Id.* (quoting *Hartsel*, 296 F.3d at 985). Courts "analyze claim-splitting as an aspect of res judicata." *Id.* (quoting *Hartsel*, 296 F.3d at 986). Generally, "[t]here must be the same parties, or . . . such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of relief sought must be the same." *Id.* (internal quotation marks omitted).

11

No. 18-cv-813 satisfies the criteria for dismissal and exemplifies the rationale underlying the rule against claim-splitting. Ms. Wu has exhausted years of judicial resources litigating claims that could have been brought in her original suit. For our purposes, however, we need only compare Nos. 18-cv-813 and 17-cv-113 to see that dismissal was appropriate. Both suits alleged negligence, and although Ms. Wu named different defendants in each case, "[t]he United States is the only proper defendant in an FTCA action," *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (internal quotation marks omitted). Hence, in both suits, the district court substituted the United States as the proper defendant. Further, in both suits, Ms. Wu sought to recover her medical expenses and other damages she incurred as a result of the alleged negligence and tortious conduct she experienced during her employment. She asserted the same rights and sought the same relief based on the same facts under virtually the same theories. Under these circumstances, the district court did not abuse its discretion in dismissing the suit for improper claim-splitting.

### III

This appeal is dismissed in part for lack of jurisdiction. Otherwise, the judgment of the district court is affirmed. Ms. Wu's motion to supplement the record is denied.

Entered for the Court

Joel M Carson III
Circuit Judge

12