**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard GUZZINO and Robert Ciarrocchi, Defendants.**

**Appeal of CBS, INC.**

**No. 84–2999.**

United States Court of Appeals, Seventh Circuit.

Argued April 4, 1985.

Decided June 26, 1985.

Nancy Schaefer, Karon, Morrison & Savikad, Ltd., Chicago, Ill., for plaintiff-appellee.

Thomas H. Morsch, Sidley & Austin, Chicago, Ill., for defendants.

Before BAUER and POSNER, Circuit Judges, and MORTON, Senior District Judge.*

BAUER, Circuit Judge.

The sole issue raised by this appeal is whether the trial judge erred by denying CBS, Inc. (CBS) access to certain evidence admitted in a criminal trial. The trial judge refused to release for copying two audio tapes which had been admitted into evidence at the trial of Richard Guzzino and Robert Ciarrocchi, holding that broadcast of the tapes could result in inaccurate reporting by the news media and misunderstanding by the public of their contents because of the poor quality of the tapes. For the reasons stated below, this ruling of the district court is reversed.

## I

At a criminal trial of defendants Richard Guzzino and Robert Ciarrocchi, the government introduced into evidence and played to the jury two audio tapes of telephone conversations between defendant Guzzino and a government witness. CBS requested access to the tapes so that they could be copied, but the district court denied CBS's motion, allowing CBS access only to a transcript of the tapes. The district court based its ruling on an unpublished order from this court, and on appeal we vacated the district court's ruling and remanded for reconsideration.

On remand, the district court found that release of the tapes would not prejudice the defendants' right to a fair trial and that the tapes would not be damaged if they were copied, but, *sua sponte,* expressed concern that release of the tapes "could lead to a misunderstanding of what is actually on the tape" because the poor quality of the tape made it difficult to understand what was said in the taped conversations. The trial judge further stated that

> I think that the defendants have a right in the interest of a fair trial to be sure that the release of such portions of the trial evidence as may go to the media will be used in a way that will not be inaccurate. In other words, I believe the playing of this tape on either a radio or television broadcast could result in a misunderstanding of what was actually said on the tape.

The trial judge therefore denied CBS access to the tapes themselves, but released a transcript of the tapes even though the accuracy of the transcript was itself subject to dispute between the parties. In doing so, the trial judge stated that the public, by receiving a transcript, "stands ... a better chance of knowing accurately what is on the tape than the public would by listening to a radio broadcast or a television program that played all or even part of [the tape]."

## II

██ The common law right of the public to inspect and copy judicial records is well-established. *See, e.g., Nixon v. War-*

---

* Honorable L. Clure Morton, Senior District Judge for the Middle District of Tennessee is sitting by designation.

**304**

*ner Communications, Inc.,* 435 U.S. 589, 597, 98 S.Ct. 1306, 1311, 55 L.Ed.2d 570 (1978); *United States v. Peters,* 754 F.2d 753, 763 (7th Cir.1985). This right of access includes the right of the media to copy audio or video tapes which have been admitted into evidence in a criminal trial. *United States v. Edwards,* 672 F.2d 1289 (7th Cir.1982); *United States v. Criden,* 648 F.2d 814, 821–23 (3d Cir.1981). Although there is a strong presumption in favor of the common law right of access, *Edwards,* 672 F.2d at 1294, this right is not absolute. *Nixon v. Warner Communications,* 435 U.S. at 598, 98 S.Ct. at 1312; *Edwards,* 672 F.2d at 1294. For example, access may be denied if it infringes upon a defendant's sixth amendment right to a fair trial. *Edwards,* 672 F.2d at 1294.

 The determination of whether the common law right of access is outweighed by any countervailing factors is within the discretion of the trial judge. *Nixon v. Warner Communications,* 435 U.S. at 599, 98 S.Ct. at 1312. Appellate review of this determination is limited to whether the trial judge considered relevant factors in making the determination and whether he gave those factors appropriate weight. *Edwards,* 672 F.2d at 1294; *Criden,* 648 F.2d at 819. In this case we find that the trial judge abused his discretion by basing his decision to deny CBS access to the audio tapes on an improper consideration.

We first note that the trial judge found that release of the tapes would not endanger the defendants' right to a fair trial. Rather, the decision to deny CBS access to the tapes was based solely on the trial judge's belief that, because the tapes were of such poor quality that they could not be readily understood without the aid of a transcript, the tapes could be misunderstood by the public or inaccurately reported upon by the news media. We hold that it was improper for the trial judge to consider this factor in making his decision.

Whether the news media would have accurately reported or whether the public would have understood the contents of the tapes should have been of no concern to the trial judge. The trial judge had no duty to assure that the news media would do its job properly or that the public would not be misinformed. To the contrary, assuming such a duty would greatly exceed the function of the judiciary. The trial judge's sole concern was with the constitutional rights of the defendants, and upon determining that they would suffer no prejudice from release of the tapes his proper inquiry was at an end. Therefore the decision of the district court denying CBS access to the audio tapes is reversed.

REVERSED.