### UNITED STATES of America, Plaintiff,

v.

### James R. BERGER, Defendant.

### No. 96–30036.

United States District Court,
C.D. Illinois,
Springfield Division.

Dec. 31, 1997.

---

Patrick J. Chesley, Springfield, IL, for Plaintiff.

Ronald J. Stone, Springfield, IL, for Defendant.

## OPINION

RICHARD MILLS, District Judge.

This is a criminal case in which James R. Berger is charged with 16 counts of mail fraud and with 1 count of misapplication of government property.

We are in the midst of the Government's case before a jury, but in recess due to the temporary ill health of a juror. Both the Government and Defendant have agreed and stipulated that a witness for Defendant shall have his testimony taken by video deposition to be shown to the jury at an appropriate time during Defendant's case.

The Court totally concurs.

However, the Associated Press and the Chicago Tribune Company have filed an "Objection to Conduct Sworn Testimony of Governor Edgar *In Camera*," and the Copley Press, Inc., has joined them in a "Petition to Intervene," and all ("the press") request oral argument.

The press objects to the *in camera* deposition of Illinois Governor Jim Edgar and argues that it has the right to attend and to view the Governor's deposition. Moreover, the press asserts that the Governor's deposition could be taken in a manner which would allow it and the public to view and to hear his deposition prior to it being presented to the jury. Accordingly, the press asks the Court to permit it to attend the Governor's deposition.

The Court is well aware of the constitutional right of the press and the public to attend a criminal trial. *Globe Newspaper Co. v. Superior Court for the County of Norfolk,* 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982); *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980). "[A] trial courtroom ... is a public place where the people generally—and representatives of the media—have a right to be present, and where their presence historically has been thought to enhance the integ-

rity and quality of what takes place." *Richmond Newspapers,* 448 U.S. at 578, 100 S.Ct. at 2827.

The trial in the case *sub judice* is not immune to this right.

However, contrary to the press' assertions in its objection, Governor Edgar will not be presenting trial testimony today. Rather, the Governor will provide a videotaped deposition to be preserved for possible use at trial next week pursuant to Federal Rule of Criminal Procedure 15(a). Rule 15(a) provides:

> Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the court may upon motion of such party and notice to the parties order that testimony of such witness be taken by deposition and that any designated book, paper, document, record, recording, or other material not privileged, be produced at the same time and place.

In the instant case, the Court finds that exceptional circumstances exist for taking the Governor's deposition. The Governor's schedule calls for him to be out of the country beginning on January 2, 1998, on a three week trip to India. Accordingly, the Governor would be unavailable to testify next week. Based upon the Governor's unavailability next week, the Court finds that it is in the interest of justice that his deposition be taken today and be preserved for possible use later at trial.[1] By allowing the Governor to be deposed *via* a videotaped deposition, Defendant is allowed to present a defense consistent with his trial strategy and allows him to tender all of the witnesses on his witness list.

Once the Governor's deposition has been videotaped, it may be played to the jury. At that time, the press and the public alike are welcome to view, hear, and to attend the playing of the videotape. Until the jury views the videotape, however, it will remain sealed. After the tape has been played at trial before the jury, the press and the public may order a transcript of the Governor's deposition. This procedure has been invoked by other district courts. *See United States v. McDougal,* 103 F.3d 651, 656–57 (8th Cir.1996) (affirming this procedure); *United States v. Poindexter,* 732 F.Supp. 170, 172–73 (D.D.C.1990).

Although the Seventh Circuit recognizes a "strong presumption" in favor of the common law and First Amendment right of access to judicial records,[2] "[n]either the common-law nor the constitutional right is absolute." *Grove Fresh Distrib., Inc. v. Everfresh Juice Co.,* 24 F.3d 893, 897 (7th Cir. 1994). "This presumption is rebuttable upon demonstration that suppression 'is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* quoting *Press–Enterprise,* 464 U .S. at 510, 104 S.Ct. at 824. "Every court has supervisory power over its own records and files, and access has been denied where the court files might become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978). "[T]he decision as to access is best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599, 98 S.Ct. at 1312.

In the present case, the Court finds that it is best to keep the Governor's videotaped deposition under seal until it is played to the jury. The Court believes that if the press is allowed to attend the Governor's deposition, the reports emanating from the deposition may deny Defendant his Sixth Amendment right to a fair trial. *Guzzino,* 766 F.2d at 304 (holding that "access may be denied if it infringes upon a defendant's sixth amendment right to a fair trial."); *Edwards,* 672 F.2d at 1294 (same).

The jury in this trial has not been sequestered. Although the Court has daily admonished the jury to avoid *any* media coverage

---

1. The press asserts that the Governor is receiving special treatment not afforded to other witnesses who appear before the Court. This simply is not the case. Federal Rule of Criminal Procedure 15(a) applies to all witnesses, including the Governor. Furthermore, the Court has oft times postponed, re-scheduled, delayed, and recessed trials (as well as invoked Rule 15(a)) in order to allow witnesses to be available for trial.

2. *United States v. Guzzino,* 766 F.2d 302, 304 (7th Cir.1985); *United States v. Edwards,* 672 F.2d 1289, 1294 (7th Cir.1982).

of this trial, the Court realizes that we live in the "information age." If the press is allowed to cover the substance of the Governor's deposition before it is presented to the jury, a juror may—albeit inadvertently—read, hear, or see the Governor's responses to the questions propounded to him. Such an occurrence would be unfair to the Defendant and to the Government, especially if Defendant decides not to offer the Governor's deposition as evidence at trial.

■ The jury is to base its decision upon the testimony and evidence presented within the four walls of the courtroom. If a juror were to read, view, or hear the coverage of the Governor's deposition *before* it is played in Court, that juror may draw unwarranted conclusions adverse either for or against Defendant or the Government. By keeping the videotape under seal under presented at trial, such a possibility is avoided.[3]

### CONCLUSION

The Court finds that exceptional circumstances exist, and it is in the interest of justice to allow Governor Jim Edgar to be deposed *via* videotape pursuant to Federal Rule of Criminal Procedure 15(a). Furthermore, the Court finds that although the press and the public have a common law and a First Amendment right of access to the judicial record and to attend the trial, those rights are outweighed by Defendant's Sixth Amendment right to a fair trial.

Accordingly, the videotape of the Governor's deposition will remain under seal until it is played to the jury during the trial. At that time the press and the public are welcome to attend, hear, and to view the videotape along with the jury. Afterwards, the press and the public may order transcripts of the Governor's deposition. The Court believes that such a procedure will insure both the Defendant's right to a fair trial and the press' and public's common law and First Amendment right of access and is narrowly tailored to serve those interests.

Finally, the Associated Press, the Chicago Tribune Company, and the Copley Press, Inc., have filed a petition to intervene and a request for oral argument. Said petition fails to cite any authority for its position. Thus, for the reasons set forth above, the press' petition and request for oral argument is denied.

*Ergo,* the Associated Press' and the Chicago Tribune Company's Objection to Conduct Sworn Testimony of Governor Edgar *In Camera* is OVERRULED. Likewise, the Associated Press', the Chicago Tribune Company's, and the Copley Press, Inc.'s Petition to Intervene and request for oral argument are DENIED.

---

**3.** Furthermore, at least one Court has held that the common law right of access does not extend to a videotaped deposition pursuant to Rule

15(a). *In re In re American Broadcasting Companies, Inc.,* 537 F.Supp. 1168, 1172 (D.D.C.1982).